```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LINDA GAIL FRANKLIN, et al.,

        Plaintiffs,

v.                             Case No. 8:10-cv-2935-T-33MAP

ANDERSON MEDIA, et al.,

        Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss the Complaint (Doc. # 13) and the Motion of Defendants Young Conaway Stargatt & Taylor, LLP and John D. McLaughlin, Esq. to Dismiss the Complaint (Doc. # 17). Plaintiffs filed a response thereto (Doc. # 23).

I.    Background

Plaintiffs are proprietors of a newsstand in Clearwater, Florida, known as Downtown Newsstand. The Complaint alleges that prior to February 2009, Plaintiffs had a business relationship with Anderson News, LLC, a subsidiary of Anderson Media. Anderson News ceased doing business in February 2009, and was the subject of an involuntary bankruptcy filing in the United States Bankruptcy Court for the District of Delaware on March 2, 2009, on which an order for relief was entered on December 30, 2009. Anderson News converted the case to a voluntary chapter 11 case on the same day. This action revolves around a debt collection dispute involving Anderson News and has been the subject of several actions brought

by Plaintiffs against various defendants.[1] In the case at bar, Plaintiffs assert two causes of action related to the manner in which Anderson News went out of business and a dispute over a "return credit" not given towards the final billing.

II. Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

> However, the Supreme Court explains that:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as

---

[1] See, e.g., Franklin v. Anderson News, LLC, 8:09-cv-314-T-33TBM and Franklin v. Anderson News, LLC, et al., 8:09-cv-562-T-33EAJ.

true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

III. Analysis

Defendants argue that dismissal is appropriate pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, as well as upon grounds of collateral estoppel, which they submit is apparent from the face of the Complaint. Although Plaintiffs filed a response to the motions to dismiss, they did not address any of these arguments specifically.

A.   Rule 12(b)(1) - Subject Matter Jurisdiction

Defendants argue that the Complaint does not allege facts to establish that the Court has subject matter jurisdiction.  This Court agrees.  The Complaint lists without any analysis or explanation the following statutory bases for subject matter jurisdiction: 28 U.S.C. §§ 1331, 1332 and 1344-47.

The first alleged statutory basis for jurisdiction, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "Under § 1331, federal courts have federal-question jurisdiction over suits 'in which a

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Dinardo v. Palm Beach County Circuit Court Judge, 199 Fed. App'x 731, 737 (11th Cir. 2006) (quoting Newton v. Capital Assurance Co., 245 F.3d 1306, 1308-09 (11th Cir. 2001)). The Complaint, however, does not involve a federal question as alleged. Plaintiffs instead allege a collection action that implicates state law only. Plaintiffs include in their "Nature of the Action" section of their Complaint the following:

> This is a suit to recover monies invested by the Plaintiffs and all others similarly situated in magazine stocks and other related material purchased from and through Anderson News, an affiliate of Anderson Media, where such purchases carried with them a contractually acknowledged return policy for full return credit and where this return policy has been willfully and deliberately abandoned and vacated by Anderson News at the behest and direction of the self same directors of Anderson Media (the parent company of Anderson News) leaving Plaintiffs with the losses associated with such unreturnable stocks.

Complaint, Doc. # 1 at 2.

Federal question jurisdiction does not extend to claims based on state common law. Laurent v. United States Trustee, 196 Fed. App'x 740, 743 (11th Cir. 2006) ("[T]he district court correctly determined that no federal question jurisdiction existed because Laurent's claims were based on state common law torts, specifically the torts of fraud, breach of contract, misconduct, and misrepresentation."). In this case, Plaintiffs' causes of

action are based on state common law, and federal question jurisdiction, therefore, does not exist. Accordingly, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiffs list 28 U.S.C. § 1332 as the next basis for subject matter jurisdiction. Section 1332 provides, in pertinent part, that district courts have jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. § 1332. The Complaint, however, fails to adequately allege amount in controversy or diversity of citizenship.

Although the Complaint identifies the address of Plaintiffs' business, Downtown Newsstand, it fails to identify the domicile of either of the Plaintiffs themselves or any of the Defendants. In addition, the Complaint does not allege that there is diversity pursuant to 28 U.S.C. § 1332. The Complaint likewise fails to establish amount in controversy. The only allegation regarding an amount in controversy pleads an amount less than the $75,000 minimum required to invoke diversity jurisdiction. The Complaint states as follows:

> The immediate and verifiable loss to the lead Plaintiffs (Franklin and Kelly) stands at in excess of 22 thousand dollars and the initial suit to recover same and treble punitive damages was filed in the U.S. District Court for the Middle District of Florida, Tampa Division, as a class action suit, as case no. 8:09-CV-562-733-EAJ [sic].

Complaint, Doc. # 1 at 3.  Accordingly, Plaintiffs fail to establish diversity jurisdiction.[2]

The remaining statutes listed by Plaintiffs as bases for jurisdiction are irrelevant and unrelated to Plaintiffs' action. Section 1344 provides, in relevant part, that district courts will have "jurisdiction of any civil action to recover possession of any office ... wherein it appears that the sole question touching the title to office arises out of denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude."  Section 1345 states, in relevant part, that the district court will have "jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by act of Congress."  Section 1346 provides that the district court will have jurisdiction of certain actions in which the United States is named as a defendant. Finally, section 1347 provides, in relevant part, that the district court has

---

[2]The Complaint also alleges:
> There were, by Anderson's own count, some 30,000 retailers affected by the willful and deliberate collapse of Anderson News, and the immediate loss to these retailers for stocks already purchased and paid for in full can easily be seen to be in excess of 125 million dollars.

Complaint, Doc. # 1 at 3.  This allegation, however, is simply speculation and is not entitled to any deference, weight or presumption in context of the Court's consideration of a motion to dismiss.  Twombly, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

"jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants."  None of these statutes are applicable to the case at bar.  As Plaintiffs have not pled any facts or legal basis for subject matter jurisdiction, the Complaint must be dismissed pursuant to Rule 12(b)(1).  See also Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.")(emphasis added). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Univ. of South Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

    B.   Rule 12(b)(2) - Personal Jurisdiction

Defendants submit that the Complaint should be dismissed pursuant to Federal Rule 12(b)(2) because Plaintiffs have not established that the Court has personal jurisdiction over the Defendants.  A motion to dismiss under Rule 12(b)(2) should be granted when it is clear from the face of the Complaint that there is no basis for the exercise of personal jurisdiction over the defendants.  See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

A federal court sitting in diversity has personal jurisdiction over a defendant when the exercise of jurisdiction is

appropriate under the state long-arm statute and the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Both the long-arm statute and Due Process prongs must be satisfied.

Plaintiffs do not allege that any of Defendants are residents of Florida, and Plaintiffs fail to identify any section of the Florida long-arm statute that would provide grounds for asserting jurisdiction over these Defendants. Similarly, Plaintiffs fail to allege contacts in the state of Florida on the part of Defendants. Accordingly, the Court finds that the Complaint should be dismissed based on a lack of personal jurisdiction over Defendants.

    C.   Rule 12(b)(6) - Failure to State a Claim

Defendants argue that the Complaint should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

The Complaint consists in its entirety of Plaintiffs' allegations that they are owed a debt by Anderson News that was incurred in early February 2009 and is divided into two causes of action. Id. at 4-6. The first cause of action alleges a claim related to Anderson News' failure as a business and contains no allegation or reference to any of the Defendants in this action other than Anderson Media. Plaintiffs allege that during 2009

"Anderson News, at the direction of the parent company, Anderson Media, dispersed and disposed of some 770 million dollars in monies/assets of Anderson News to thirteen affiliates of the parent, Anderson Media." Complaint, Doc. # 1 at 4. They further allege that Anderson News was finally "hollowed out" and left with virtually no value in the first week of February 2009. Id. at 4, 6. The first cause of action, however, fails to provide any legal theory of recovery and fails to identify any harm to Plaintiffs that would warrant any relief. The allegations in the first cause of action, in fact, fail to reference any harm to Plaintiffs whatsoever. Accordingly, the Court finds that the first cause of action fails to state a claim under Twombly.

The second cause of action appears to assert a collection action against Anderson News. See Complaint, Doc. # 1 at 5-6. It does not, however, allege actionable conduct by any of the Defendants in this action. Although it mentions Defendants Jay Maier and John Campbell, they are referenced in regards to their sworn testimony given in another action. Again, the Court finds that the second cause of action fails to state a claim under Twombly.[3]

---

[3]The Court notes that Plaintiffs make references to "fraud" throughout the Complaint. See Complaint, Doc. # 1 at 6-8 and 10-11. Any construed claim for fraud would likewise fail as it is not pled with particularity as is required by Federal Rule of Civil Procedure 9(b). See Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009)(in alleging fraud or mistake, a party must
(continued...)

D.  Collateral Estoppel

Defendants also argue that the second cause of action is barred by the principles of collateral estoppel based on a Tennessee collection action in which a default judgment was entered against Plaintiffs. The Court, however, is unwilling to make a finding of collateral estoppel based on the limited information before the Court in regards to the Tennessee collection action and considering that the second cause of action as pled is vague and fails to state a cause of action.

IV. Conclusion

Having found that this Court lacks subject matter jurisdiction over this action, that personal jurisdiction has not been established over the Defendants, and that the Complaint fails to state a claim upon which relief can be granted, the motions to dismiss must be granted, and the Complaint must be dismissed.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1)  Defendants' Motion to Dismiss the Complaint (Doc. # 13) is **GRANTED.**

---

[3](...continued)
state with particularity the circumstances constituting fraud or mistake).

(2) Motion of Defendants Young Conaway Stargatt & Taylor, LLP and John D. McLaughlin, Esq. to Dismiss the Complaint (Doc. # 17) is **GRANTED**.

(3) This action is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of August, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record