UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA GAIL FRANKLIN, et al.,

        Plaintiffs,

v.                     Case No. 8:10-cv-2935-T-33MAP

ANDERSON MEDIA, et al.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs' Motion for Reconsideration (Doc. # 26), which was filed on September 18, 2011; Defendants' Response in Opposition (Doc. # 27), which was filed on September 29, 2011; and Defendants Young Conaway Stargatt & Taylor, LLP and John D. McLaughlin, Esq.'s Response in Opposition (Doc. # 28), which was filed on September 30, 2011. For the reasons that follow, the motion is denied.

**Background**

On August 31, 2011, this Court entered an Order granting Defendants' Motions to Dismiss. (Doc. # 25). The Court found a lack of subject matter jurisdiction over the action, a lack of personal jurisdiction as to all of the Defendants, and that the Complaint failed to state a claim upon which relief could be granted. (Doc. # 25). Plaintiffs now move this to Court to reconsider its Order dismissing this action.

**Legal Standard**

Plaintiffs' Motion for Reconsideration is governed by Rule 60(b) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment. See Sussman v. Salem, Saxon, & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Rule 60(b) states:

> On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

There are three major recognized justifications for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." Sussman, 153 F.R.D. at 694.

This Court has further noted that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Id. "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected" and should be applied with finality and with conservation of judicial resources in mind. Lamar Advertising of Mobile, Inc. v. City

2

of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999).

**Analysis**

Plaintiffs' Motion for Reconsideration is an impermissible attempt to restate arguments previously rejected by the Court in the Order granting Defendants' Motions to Dismiss (Doc. # 25) and fails to identify either an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice.

Plaintiffs' motion fails to provide a basis for federal jurisdiction and fails to provide a legal cause of action. Reiterating the same arguments does not meet the strict standards established for reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration (Doc. # 26) is **DENIED**.

**DONE** and **ORDERED** in chambers in Tampa, Florida this 25th day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record